UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEON E DEAN, et al.,

    Plaintiffs,

    v.

E.I. DUPONT DE NUMOURS & COMPANY INC.,

    Defendant.

Case No. 15-cv-6032-PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendant's motion to dismiss came on for hearing before this court on March 16, 2016. Plaintiffs Leon E. Dean and Wanda Dean appeared through their counsel, Shahid Manzoor. Defendant E.I. DuPont de Nemours & Co. ("defendant" or "DuPont") appeared through its counsel, Andrew Mortl. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion, with partial leave to amend, as follows.

**BACKGROUND**

This is an asbestos-related personal injury case. Plaintiff Leon Dean ("plaintiff") was employed by defendant DuPont from 1956 to 1990, and alleges that he spent a significant portion of that time "dealing with asbestos, fiber glass products and other hazardous products." See First Amended Complaint ("FAC"), ¶ 6.

After plaintiff retired in 1990, he began to experience respiratory illness, which he alleges is "most likely cancer and caused by asbestos." FAC, ¶ 6. Plaintiff originally filed suit in state court on November 2, 2015, asserting three causes of action: (1) premises

liability, (2) negligence, and (3) negligent infliction of emotional distress.

Defendant removed the case to this court, and then filed a motion to dismiss, arguing that the claims were barred by California's Workers' Compensation Act, which provides the exclusive remedy for work-related injuries. In response, Dean filed the operative FAC, adding a new plaintiff (his wife, Wanda Dean), and asserting seven causes of action in total: (1) premises liability, (2) negligence, (3) negligent infliction of emotional distress, (4) products liability – manufacturing defect, (5) products liability – design defect, (6) products liability – failure to warn, and (7) loss of consortium (although the court notes that the FAC refers to "[Teresa] Dean" (brackets in original), rather than Wanda Dean, under the heading of the seventh cause of action).

The FAC also contains additional allegations about plaintiff's attempts to pursue a workers' compensation claim. The FAC alleges that, in May 2015, plaintiff sent a workers' compensation claim form to defendant, but received no response. FAC, ¶ 7. Plaintiff then sent a follow-up letter in June 2015, but again received no response. Id., ¶ 8. Plaintiff characterizes this refusal to respond as "bad faith." Id., ¶ 9.

Plaintiff then contacted the Workers' Compensation Insurance Rating Bureau, who told him that defendant's insurance provider was Golden Eagle Insurance Company. FAC, ¶ 10. However, while that company had become insolvent, its parent company (Liberty Mutual Insurance Company) was still solvent, so plaintiff filed a workers' compensation claim naming Liberty Mutual as the insurer and claim administrator. Id. Plaintiff then received a letter from Liberty Mutual, denying the claim and stating that it was not defendant's workers' compensation insurance carrier. Id., ¶ 11.

Plaintiff then re-contacted the Workers' Compensation Insurance Rating Bureau, who admitted that it had provided the wrong information. FAC, ¶ 13. But when the Bureau repeated its search, it could not find any coverage records for defendant for the relevant time frame. Id. However, the Bureau also explained that it did not have records for self-insured companies, and recommended that plaintiff contact the California Department of Industrial Relations Office of Self-Insurance. Id. Plaintiff did so, but was

1  told that there was no information available showing that defendant was self-insured.  Id.

2  Plaintiff explains that he is in the process of dismissing the workers' compensation
3  claim against Liberty Mutual, but because there is no other insurance agency that he can
4  name as the claims administrator, he filed this suit.  FAC, ¶¶ 14-15.

## DISCUSSION

A.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document.  See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007).

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2)

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); see also In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

The allegations in the complaint "must be enough to raise a right to relief above the speculative level," and a motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679. Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

B.    Legal Analysis

Defendant's primary argument is that all of the claims asserted in the FAC are barred under the exclusive remedy provision of the California Workers' Compensation Act. Specifically, California Labor Code section 3600(a) provides that "[l]iability for the compensation provided by this division, in lieu of any other liability whatsoever to any person ..., shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment," and section 3602(a) further provides that such compensation shall be "the sole and exclusive remedy of the employee or his or her dependents against the employer." See also Wright v. State, 233 Cal.App.4th 1218, 1229 (2015). Thus, because the FAC alleges that DuPont was plaintiff's employer, that plaintiff was exposed to asbestos products in the course of his employment, and that he developed injuries as a result of that exposure, defendant argues that the elements of sections 3600 and 3602 are met.

In his opposition brief, plaintiff argues that the exclusive remedy bar does not apply, pointing to Labor Code section 3706, which provides that "[i]f any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages." Plaintiff argues that defendant failed to secure workers' compensation insurance (either through a third-party or by self-insuring), pointing to his interactions with the Workers' Compensation Insurance Rating Bureau and the California Department of Industrial Relations Office of Self-Insurance as

4

support for his allegations.

However, defendant has submitted screenshots from the website of the Department of Industrial Relations, showing a "self-insured verification" for DuPont. See Dkt. 23, Ex. A at 6. At the hearing, plaintiffs' counsel challenged the authenticity of the screenshot, and thus argued that it cannot be considered as part of this motion. But in addition to the screenshot, defendant also submitted a "certification of self-insurance of workers' compensation," showing that a certificate of consent to self-insure was issued to DuPont on March 8, 1930, and has been "in full force and effective since that date." Dkt. 27-1, Ex. B. Defendant has also requested that the court take judicial notice of the certification. Plaintiff does not question the authenticity of the certification, and because plaintiff's ability to assert his claims in this court is dependent on defendant's alleged failure to secure insurance, the court GRANTS the request for judicial notice, and will consider the certification as part of this motion. And because the certification does indeed establish that defendant is self-insured, Labor Code section 3706 does not apply.

Plaintiff then offers a separate reason why the exclusive remedy bar should not apply, arguing that defendant acted in bad faith by failing to respond to plaintiff's workers' compensation claim. At the hearing, the court asked defendant about the reason for its non-responsiveness, and its counsel explained that plaintiff sent his claim to defendant's corporate office, rather than to the self-insurance administrator (Broadspire) listed on the certification of self-insurance. Defendant further explained that the claim is now being properly processed. Moreover, plaintiff has not cited any authority for a "bad faith" exception to the exclusive remedy bar.

Plaintiff offers no other reasons as to why the exclusive remedy bar should not apply to the first, second, third, and seventh causes of action (for premises liability, negligence, negligent infliction of emotional distress, and loss of consortium, respectively), and thus, the court GRANTS defendant's motion to dismiss as to those four claims, without leave to amend. However, as to the fourth, fifth, and sixth causes of action (all of which are products liability claims), plaintiff argues that he has "pled around"

5

the exclusive remedy bar by alleging that defendant "manufactured and/or distributed asbestos products," and thus, was acting as a manufacturer/distributor rather than as an employer with respect to the asbestos products. See FAC, ¶ 16; Dkt. 22 at 8.

In its motion, defendant argues that this theory (referred to as the "dual capacity" doctrine) was abrogated by the 1982 amendment to Labor Code section 3602. Specifically, the 1982 amendment limited the dual capacity exception "to the narrow factual circumstances presented where the employee's injury was caused by the employer's product, which itself was provided to the employee not by the employer, but by an independent third person who obtained the product from the employer for valuable consideration." Ashdown v. Ameron Int'l Corp., 83 Cal.App.4th 868, 876 (2000) (emphasis in original). Plaintiff has not alleged facts that would trigger the dual capacity doctrine, as amended.

Moreover, even if the dual capacity doctrine had not been so limited, plaintiff has not adequately pled that defendant was actually a manufacturer or distributor of asbestos. The FAC relies on the conclusory allegation that "[o]n information or belief, defendant manufactured and/or distributed asbestos products." FAC, ¶ 16. This is exactly the type of legally conclusory statement, not supported by actual factual allegations, that the court need not accept as true. Nor has plaintiff presented any additional facts that could be alleged if leave to amend were to be granted. Accordingly, the court GRANTS defendant's motion to dismiss the fourth, fifth, and sixth causes of action, without leave to amend.

Finally, plaintiff requests leave to amend to assert a claim for fraudulent concealment, arguing that Labor Code section 3602(b) contains an exception to the exclusive remedy bar "[w]here the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment." The court will allow plaintiff an opportunity to assert such a claim, though the statute makes clear that any alleged fraudulent concealment must relate to the "existence of the injury itself." To the extent that plaintiff alleges that defendant's failure

to timely respond to his workers' compensation claim was itself a fraudulent concealment, such allegations will not suffice, because at the time that plaintiff submitted his claim, he necessarily already knew of (1) the injury itself and (2) its connection with his employment. Plaintiff may file a second amended complaint, asserting only a single claim for fraudulent concealment, by **April 20, 2016**. Defendant will have 21 days thereafter to answer or otherwise respond to the complaint. No new claims or parties may be added without leave of court or the consent of all parties.

**IT IS SO ORDERED.**

Dated: March 23, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge